IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IGNITION MEDIA GROUP, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PANTEL SYSTEMS, INC., et al. | : | NO. 07-0439 |

**MEMORANDUM**

**Baylson, J.**                                                                                          **September 14, 2007**

      Plaintiff, Ignition Media Group, LLC, instituted this breach of contract action against Pantel Systems, Inc. ("PSI") and several other corporate and individual defendants on February 1, 2007.  Defendant, Eric Kash, has moved to dismiss the complaint for insufficient service of process, lack of personal jurisdiction, and failure to state a claim for tortious interference with contract.  See Fed. R. Civ. P. 12(b)(2), 12(b)(5), 12(b)(6).  For the reasons that follow, the Court will dismiss the complaint as to Defendant Kash without prejudice.

      Plaintiff attempted to serve Kash on two occasions by sending a copy of the amended complaint and summons by certified mail to the offices of Basic Investors, Inc. in Melville, New York.[1]  The first delivery receipt was returned undated and signed by "someone at Basic Investors, but not Kash."  (Pl.'s Resp. 2; Ex. B).  Plaintiff did not file an affidavit or return of service with the Court.  On May 29, 2007, a second summons was issued for Kash, and Plaintiff again attempted service by certified mail, "care/of Basic Investors."  The return receipt was

---

[1] Kash submitted a declaration stating that he is currently an employee of Basic, but the Melville, New York office is not his "office or usual place of business."  (Kash Declaration ¶ 5).

1

signed on May 30, 2007 by "William Wallet," and Plaintiff filed an affidavit of service with the Court on June 1, 2007.  (Pl.'s Resp., Ex. E).

Plaintiff has failed to demonstrate that this method of service was proper under Fed. R. Civ. P. 4.  See Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993) ("[T]he party asserting the validity of service bears the burden of proof on that issue.").  Under Rule 4, service may be made upon an individual in the United States "pursuant to the law of the state in which the district court is located."  Fed. R. Civ. P. 4(e)(1).  The Pennsylvania rules of civil procedure permit service by mail on an out-of-state defendant, if the form of mail requires a receipt signed by the defendant or his authorized agent.  Pa. R. Civ. P. 403, 404.

In this case, Plaintiff provided the Court with certified mail receipts signed by an unidentified person (Ex. B) and "William Wallet." (Ex. E).  Defendant Kash has submitted a declaration stating that he never signed a return receipt nor did he authorize anyone to do so on his behalf.  (Kash Declaration ¶ 4).  Although Plaintiff concedes Kash did not sign the receipts (Pl.'s Resp. 2, 4), he offers no evidence that the signatures on the receipts belonged to "authorized agents" of Kash.  In fact, beyond William Wallet's name, Plaintiff has not provided the Court with any information regarding the identities of the signers or their positions at Basic.  Accordingly, the Court finds that service did not conform with Pa. R. Civ. P. 403, and the complaint must be dismissed as to Kash.  Accord Lampe v. Xouth, Inc., 952 F.2d 697, 701 (3d Cir. 1992) (service by mail was ineffective under Pennsylvania law where plaintiff offered no proof that the defendant's authorized agents signed the receipts); Weintraub Bros. Co., Inc. v. Technochem Envtl. Sys., Inc., No. 91-0085, 1991 WL 52699, at *3 (E.D. Pa. Apr. 2, 1991)

(same).² Because the Court has concluded that service of process on Kash was insufficient, there is no need to address Defendant's alternative grounds for dismissal under Rules 12(b)(2) and 12(b)(6).

An appropriate Order follows.

O:\CIVIL 07\07-0439 Ignition v. Pantel\Memo on MTD.wpd

---

² The fact that Defendant had actual notice of the suit does not excuse Plaintiff's failure to satisfy the service of process rules. "While 'actual notice' is the goal animating the service provisions of Rule 4[], it does not follow that actual notice provides an exception to the service requirements under the Rule." Raymond Proffitt Found., Inc. v. Quinby, No. 89-7726, 1990 WL 45013, at *2 (E.D. Pa. Apr. 12, 1990). Accord Quarles v. Lineberger, No. 01-962, 2002 WL 461684, at *1 n.5 (E.D. Pa. Mar. 21, 2002) ("While our Court of Appeals has held that '[w]hen there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process,' it also cautions that 'the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.'"); Coffin v. Ingersoll, No. 91-6771, 1993 WL 208806, at *5 (E.D. Pa. June 11, 1993) (same); Weintraub Bros. Co., Inc. v. Technochem Envtl. Sys., Inc., No. 91-0085, 1991 WL 52699, at *3 n.10 (E.D. Pa. Apr. 2, 1991) ("Actual notice of the suit, in the absence of proper service, is insufficient to bring defendant within the jurisdiction of this court.").

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IGNITION MEDIA GROUP, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PANTEL SYSTEMS, INC., et al. | : | NO. 07-0439 |

**ORDER**

AND NOW, this 14th day of September 2007, it is hereby ORDERED for the reasons stated in the foregoing memorandum, that Defendant Kash's Motion to Dismiss (Doc. No. 44) is GRANTED, and all claims set forth in the amended complaint against Eric Kash are dismissed without prejudice.

BY THE COURT:

s/Michael M. Baylson

Michael M. Baylson, U.S.D.J.